UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| ANA RODRIGUEZ, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 1:21-cv-23390-RNS |
| CLIENT SERVICES, INC., | § § § | |
| *Defendant.* | § § § | |

**DEFENDANT CLIENT SERVICES, INC.'S**
**MOTION TO CONSOLIDATE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant CLIENT SERVICES, INC. ("Defendant") and files its *Motion to Consolidate*, seeking to consolidate two cases all involving the same Plaintiff, ANA RODRIGUEZ ("Plaintiff") and Defendant, into *Ana Rodriguez v Client Services, Inc.*, Case No. 1:21-cv-23389-DPG, and will show onto this Court as follows:

**INTRODUCTION**

1. Plaintiff filed two (2) state court lawsuits against Defendant on the same day. Copies of the Complaints for the Court's reference are attached hereto as Exhibit A & B. Each lawsuit involves the same allegations against Defendant—that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692 (the "FDCPA"). Specifically, Plaintiff alleges that Defendant violated section 1692c(b) of the FDCPA by using a third-party mailing vendor to send letters to Plaintiff. Defendant subsequently removed these cases to federal court based on federal question jurisdiction.

2. As both cases involve the same Plaintiff, the same Defendant, the same allegations, and the same key operative facts, consolidation is appropriate. Consolidating this case will

preserve judicial resources, promote judicial economy, and ensure consistent results are reached in each case. Further, there cannot be any prejudice to Plaintiff, as there is no risk to a jury for confusion resulting from the consolidation of these cases. This case concerns what Plaintiff alleges to be a standard practice of Defendant, and the lawsuits do not identify any unique harm suffered in any of the three cases nor feature any unique parties. Further, both cases are at the same point procedurally. Finally, there cannot be any prejudice to Plaintiff resulting from consolidation of these matters. For these reasons, Defendants respectfully request that Defendant's *Motion to Consolidate* be granted.

## STANDARD OF LAW

3. Federal Rule of Civil Procedure 42(a) provides that "if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The standard governing consolidation is a broad one and therefore allows for a wide range of cases in federal court to be consolidated. Factors that generally favor consolidation include the interest of justice, expeditious results, conservation of resources, avoidance of inconsistent results, and cases that share like claims, overlapping parties, or similar discovery. See, e.g., 8 Moore's Federal Practice, § 42.10 (Matthew Bender 3d Ed. 2018). Judges are encouraged "to 'make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) ("Trial judges are urged to make good use of Rule 42(a) . . . where there is involved a common question of fact and law as to the liability of the defendant in order to expedite the trial and eliminate unnecessary repetition and confusion . . . .") (internal citation omitted). A district court's determination to consolidate pursuant to Rule 42(a) is completely

discretionary and will be overturned only when there has been a "clear abuse of discretion." *Id*. In deciding whether to consolidate actions, the court should consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id*. (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)). Also relevant to the inquiry of consolidation is whether the parties in the cases are the same, and whether the cases are at the same stage of trial preparation. *Walker v. H. Councill Trenholm St. Tech. Coll.*, No. 2:06cv49-ID, 2007 WL 1140423, at *2 (M.D. Ala. Apr. 17, 2007).

4. While factors like judicial economy and convenience favor consolidation, those considerations "must yield to a paramount concern for a fair and impartial trial." *Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350 (2nd Cir. 1993). Convenience cannot "prevail where the inevitable consequence to another party is harmful and serious prejudice." *Id*. (quoting Arnold, 712 F.2d at 906). However, a court is required to consider whether "the risks of prejudice and confusion that might attend a consolidated trial can be alleviated by utilizing cautionary instructions to the jury during the trial and controlling the manner in which the plaintiffs' claims (including the defenses thereto) are submitted to jury for deliberation." *Hendrix*, 776 F.2d at 1495.

## ARGUMENTS & AUTHORITIES

**I.     Judicial economy will be promoted by consolidate the cases.**

5. Consolidating these cases will promote judicial economy and preserve judicial resources. Both of Plaintiff's cases concern the same operative facts and issues of law—whether Defendant used a third-party letter vendor to send letters to Plaintiff, and whether the use of a third-party letter vendor violated section 1692c(b). Exhibit A; Exhibit B. A review of the

Complaints show that they were virtually identical in structure, wording, and format. *Id*. The only difference between both cases appears to be the amount owed for each debt—even the creditors are the same. As each case involves the same operative facts and legal issue, consolidation is warranted. *See BRS, Inc. v. Volume Shoe Corp.*, No. C81-1281A, 1982 U.S. Dist. LEXIS 13215, at *23 (N.D. Ga. June 28, 1982) ("Consolidation of cases involving the same operative facts serves the interests of justice by increasing efficiency and lessening expense.").

6. Rather than requiring two courts to deal with what is essentially the same case, one court will be able to set one consolidated scheduling order, one consolidated discovery deadline, and one consolidated briefing schedule. The discovery process will be much more economic in a consolidated matter as the number of sets of written discovery and depositions needed can be greatly reduced, and witnesses—likely to be identical in all three matters—would only need to testify once at trial. Further, given that both cases are essentially identical, it is likely that the Court will only be required to address one set of briefing regarding the merits of the case rather than two courts having to address two separate motions that make the same arguments. Finally, if this case does proceed to a jury trial, there is unlikely to be any confusion to the jury. This case does not involve different plaintiffs, different defendants, or different theories of law. A jury would only have to decide on the operative issues once in order to determine liability in each case and will be able to efficiently resolve both matters at once.

7. Consolidation will also reduce the cost of litigation. The relative expense of a single trial will be much less than the expense of multiple trials. If the both cases are tried separately, they will most likely rely on the same witness and evidence in each case with the same jury instructions and charge used in both as well. The jury will be able to resolve both cases more efficiently in one trial as compared to two separate trials, and the burden on the parties, the courts,

and the juries will be substantially less for conducting one trial as compared to two. Based on this factor, Defendant respectfully requests that Defendant's *Motion to Consolidate* be granted.

## II. There is a risk on inconsistent results if the cases are not consolidated.

8. A key purpose of consolidating cases is to avoid the imposition of inconsistent or conflicting results in the separate litigation. Having two different courts oversee an identical case and issue rulings on various matters related to discovery, liability, standing, and/or damages, could led to inconsistent results on any one of these issues. It could result in one court finding liability where the other court does not, a finding that some discovery is needed that another court finds unnecessary, or the imposition of a different level of liability in each separate matter.

9. Consolidating the cases will prevent any inconsistent result, as the same Court will rule on each issue at every stage of litigation. As both cases are essentially identical, it is likely that the same issues will arise in each case. Keeping the cases separate could lead to courts issuing rulings with different results or methods of implementation. Such inconsistent results could necessitate additional briefing and resources to bring the inconsistent rulings into harmony with each other. Consolidation, on the other hand, would prohibit the imposition of any inconsistent result, as every ruling will come from the same court and require the same implementation. Based on this factor, Defendant respectfully requests that Defendant's *Motion to Consolidate* be granted.

## III. There is no risk of prejudice to Plaintiff.

10. Finally, there is no risk of prejudice to Plaintiff should these cases be consolidated. Courts find a risk of prejudice to plaintiffs in situations where the cases involve the presentation of different witnesses and evidence to support the claims of different plaintiffs. *See Hunter v. United States*, No. CV419-174, 2021 U.S. Dist. LEXIS 12415, at *11 (S.D. Ga. Jan. 21, 2021) ("Though the actions arose from the same accident, the damages requested by the Hunter Plaintiffs

will require the presentation of different witnesses and evidence than the damages requested by the Cocke Plaintiffs. Accordingly, a consolidated trial risks prejudicing the Plaintiffs and confusing the jury that will be empaneled for the Cocke Action."). Courts also find consolidation prejudicial when parties could have conflicting interests to other parties should the cases be consolidated. *See Trevizo v. Cloonan*, No. P-00-CA-028, 2000 U.S. Dist. LEXIS 22968, 2000 WL 33348794, at *2 (W.D. Tx. Nov. 29, 2000) ("Consolidation is improper if it aligns a party in one part of the litigation with other parties with whom the first party has a conflicting interest in other parts of the consolidated litigation.") None of these issues exist in two cases at issue.

11. Further, the cases are all at the same point procedurally. At the time of the filing of this motion, no Rule 26 conference has been held in any matter, no scheduling order has been set in any matter, no briefing has been undertaken in any matter, and no discovery has yet been conducted. Therefore, there will not be any delay in any of the cases, as both cases are still at the early stages of litigation. As such, this cannot be the basis for a claim of any prejudice against Plaintiff.

12. In fact, the only potential prejudice lies against Defendant, not Plaintiff, in being able to allege Defendant repeatedly violated the statute. *See Beaulieu Grp. LLC v. Mohawk Carpet Distribution*, No. 4:15-CV-0124-HLM, 2016 U.S. Dist. LEXIS 122814, at *5 (N.D. Ga. Jan. 4, 2016) ("consolidating these cases may . . . perhaps give Plaintiff greater opportunity to cast Defendant as a serial infringer."). However, the benefits of consolidating these cases far outweigh any potential prejudice that could result to Defendant, and there is no risk of prejudice to Plaintiff. Based on this factor, Defendant respectfully requests that Defendant's *Motion to Consolidate* be granted.

**CONCLUSION**

13. Both cases involve the same Plaintiff, the same Defendant, the same allegations, the same legal theories, and the same operative set of facts. Therefore, consolidation is appropriate. Consolidating these cases will preserve judicial resources by facilitating prompt and uniform resolution of these cases while avoiding the possibility of any inconsistent results. No prejudice will result to Plaintiff from the consolidation of these matters. As such, the relevant factors uniformly weigh in favor of consolidating the cases. For these reasons, Defendant respectfully requests that Defendant's *Motion to Consolidate* be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant CLIENT SERVICES, INC., respectfully requests that this Court consolidate these cases into *Ana Rodriguez v Client Services, Inc.*, Case No. 1:21-cv-23389-DPG.

/s/ Charles J. McHale
Charles J. McHale, Esq.
FBN: 0026555
**GOLDEN SCAZ GAGAIN, PLLC**
1135 Marbella Plaza Drive
Tampa, Florida 33619
Phone: (813) 251-5500
Direct: (813) 251-3632
Fax: (813) 251-3675
cmchale@gsgfirm.com